UNITED STATES of America,
Appellee,

v.

Tri H. BUI, Defendant–Appellant,

**Kim La TRUONG, Defendant.**

No. 02–1562.

United States Court of Appeals,
Second Circuit.

June 23, 2003.

William H. Paetzold, Moriarty & Paetzold, LLC, Glastonbury, CT, for Appellant.

James G. Genco, Assistant United States Attorney, on behalf of Kevin J. O'Connor, United States Attorney, District of Connecticut (Jeffrey A. Meyer, Assistant United States Attorney, of counsel), Hartford, CT, for Appellee.

PRESENT: WINTER, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Tri H. Bui appeals from an order of the District of Connecticut (Ellen Bree Burns, *Judge* ) denying his motion for a new trial. *See* Fed.R.Crim.P. 33. Appellant was convicted after trial of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and interstate wire fraud, in violation of 18 U.S.C. § 1343. The charges related to a fraudulent loan appellant obtained on property he jointly owned with two others, Kevin Cheng and his wife, Lieu Kim Truong ("Lieu"). At trial, the government established that appellant, Cheng, and Lieu had jointly invested in a Hartford rental property, and that appellant, without Cheng and Lieu's knowledge, had fraudulently obtained a loan in their names on the property. Appellant was convicted and sentenced to 24 months' imprisonment, three years' supervised release, and ordered to pay a special assessment of $200.00.

Three weeks after the verdict, appellant moved for a new trial after a prosecution witness, Eng Truong ("Eng"), submitted an affidavit in which she stated that her trial testimony had been false. Eng had testified at trial that three months after the fraudulent loan transaction, she made payments to appellant on behalf of Cheng and Lieu, as part of a buyout agreement through which Cheng and Lieu sought to obtain appellant's interest in the property. Eng's affidavit contradicted this testimony by denying that Cheng gave her money to pay appellant for his interest in the property and contending that the payments made to appellant were in repayment of a loan he had made to her. The affidavit appended a typed letter signed by Eng and dated November 2001, months before trial, in which she offered the same explanation for her payments to appellant. At a hearing to consider the motion for a new trial, Eng, citing her Fifth Amendment right against self-incrimination, refused to testify.

The District Court denied the motion, finding that it was not necessary to determine whether Eng had in fact committed perjury because there was sufficient independent evidence to support appellant's conviction and her testimony had not been material to the conviction. Specifically, the court found that Eng's testimony was "peripheral" and had only a "de minimis effect in establishing the crimes," and stated that it was "firmly of the belief that [without the testimony in question,] the defendant would still have been convicted."

A trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33. We review the denial of a motion for a new trial for an abuse of discretion. *See United States v. Sasso*, 59 F.3d 341, 350 (2d Cir.1995). Such motions are granted only in "extraordinary circumstances." *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997) (internal quotation marks omitted). A defendant seeking a new trial on the basis of "newly discovered evidence" must demonstrate that: (1) the newly discovered evidence could not have been discovered before or during trial with due diligence; (2) where the claim is perjury by a prosecution witness, the evidence "demonstrates that the witness in fact committed perjury"; (3) the evidence is material to the jury's verdict; and (4) the evidence is not cumulative of other evidence introduced at trial. *See United States v. White*, 972 F.2d 16, 20–21 (2d Cir.), *cert. denied*, 506 U.S. 1026, 113 S.Ct. 669, 121 L.Ed.2d 593 (1992). If the prosecution is not charged with knowledge of the perjury, as appellant here does not allege, a new trial is warranted only if the court "[is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *Id.* at 21 (internal quotation marks omitted); *see also United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir.1992) (holding that a new trial was not warranted "because it could not be said that the jury probably would have acquitted in the absence of the false testimony").

■ As an initial matter, we have doubts whether Eng's affidavit even constitutes "newly discovered evidence." The allegation it contains and the letter it appends were known to appellant and his attorney before trial. In fact, the letter was used by defense counsel during trial to cross-examine Eng in an attempt to discredit her testimony concerning the very point now contested—whether the payments she made to appellant were from Kevin Cheng and Lieu in exchange for appellant's interest in the property. Counsel was able to suggest to the jury at that time that Eng was lying and that the true purpose of the payments was to repay

a loan, precisely the claim contained in the post-trial affidavit and supported by the November 2001 letter. We are not convinced that this evidence could not, with due diligence, have been discovered earlier, as defense counsel had the letter and used it at trial.

 In any event, assuming the affidavit constitutes "newly discovered evidence," appellant has not established that Eng's trial testimony was, in fact, perjurious, *see, e.g., United States v. DiPaolo*, 835 F.2d 46, 49 (2d Cir.1987) (cautioning that newly discovered evidence in the form of a witness's recantation of trial testimony must be viewed "with the utmost suspicion"), or that it was material to the elements of the offenses for which appellant was convicted. The fraudulent transaction alleged in the indictment was clearly proved by the testimony of the loan officer, the closing attorney, the appraiser, Bihn Tran, Somalisse Lim, and others. *See United States v. Wong*, 78 F.3d 73, 82 (2d Cir.1996) (holding new trial not warranted where independent evidence supports elements of conviction). While evidence of Cheng and Lieu's payments to appellant for his interest may have indicated that appellant sought to benefit from the increased value of the property, it was not material to the fraudulent loan transaction itself. Moreover, the payments for which Eng allegedly acted as a conduit occurred in September 2000, over three months after the fraudulent loan transaction at issue was consummated.

Because the recanted testimony was not material to the verdict and because the elements of the offenses of which appellant was convicted were adequately supported by independent evidence, the District Court did not abuse its discretion in denying appellant's motion for a new trial.

Accordingly, the judgment of the District Court is AFFIRMED.